GOËDEL a. ROBINSON.

*New York Superior Court; Special Term, December,* 1854..

UNVERIFIED ANSWER.—WHEN NOT STRICKEN OUT, AS SHAM.

Where neither complaint nor answer are verified, and the answer merely denies the·
allegations in the complaint, setting up no new matter, it cannot be stricken out
as sham.

Motion to strike out an answer as sham, and for judgment
as for want of answer.

—— —— for plaintiff.

*Mr. Shannon,* for defendant.

HOFFMAN, J.—The complaint states, that the defendant
made his promissory note, dated the 28th day of March, 1854,
to his own order at six months, for $696, and endorsed and
delivered the same to the plaintiff; that the defendant has not
paid the same nor any part thereof, but that there remains
due $696, with interest, for which sum the plaintiff demands
judgment.

The defendant denies that at the time stated in the com-
plaint, or at any other time, he made the promissory note
described in such complaint, or that he endorsed any such note
as is therein untruly alleged, or delivered the said or any note
to the plaintiff; and denies that there is due from him to the
plaintiff the sum demanded in the complaint.

The affidavits which are produced, are sufficiently positive
to show that this denial of the answer is untrue. The clerk of
the plaintiff swore positively that the plaintiff sold the defend-
ant fifty-eight baskets of champagne, at $12 a basket, on the
28th of March, 1854, and that the note in question was given
for the price; that he called to get the note, when the bill was
admitted and the note given.

The plaintiff swears to the same facts positively, and also to
repeated promises of payment.

The question then is precisely brought up, whether an answer containing a plain mere denial amounting to the general issue, can be stricken out as sham.

In the case of Caswell v. Bushnell, (14 *Barb.* 395), the Supreme Court of this district at general term held that an answer cannot be stricken out as sham unless it sets up new matter; that under the old system the general issue, which was a mere negative, could not be treated as sham; citing Broome County Bank v. Lewis, (18 *Wend.* 500), that sham pleas were known before the Code was adopted, and had obtained a precise legal meaning applicable only to pleas of new matter, and that the phrase was used in that established sense in the Code. (1 *Chitty*, 576).

Although it may be noticed that the answer in this case was sworn to, and upon the general rule could not have been treated as sham, yet the court pursuing the reasoning at the special term, expressly place the decision upon the ground stated, and have made it a settled rule in this district.

In Winne v. Sickles, (9 *Pr. R.*, 217), Justice Harris applied this doctrine in its utmost extent, in a case almost as strong as the present, upon the affidavits, distinctly holding that an unverified answer could not be stricken out as sham when it contained nothing but a general and full denial of the matters of the complaint.

The same learned judge had stated the rule to the like effect in White v. Bennett, (7 *How. Pr. R.*, 59), and in Livingston v. Finkle. (8 *How. Pr. R.*, 486).

On the other side, Justice Barculo, in Nichols v. Jones, (6 *How. Pr. R.*, 356), held that the true rule under the Code was to strike out all answers or defences as sham when they appear to be clearly false, whether they appear to be good in point of law on their face or not. He then proceeds to say :—" The difficulty is in determining what shall be deemed conclusive evidence of the falsity of a pleading : and I suppose the falsity must be admitted or clearly established. It may be so plain and palpable as to admit of indisputable proofs, as where it appears by the affidavit of the plaintiff and is not denied by affidavits on behalf of the defendant. If, however, in the latter case the defendant comes forward in reply to the motion

and swears to the truth of his answer, it cannot be stricken out : for the court will not determine the question upon a balance of testimony.  The evidence of the falsity must be clear and undisputed."

In Conklin v. Vandervoort, (7 How. Pr. R., 683), Justice Marvin held that under the Code an unverified answer, consisting of denials only, might be stricken out as false, as well as where it sets up new matters by way of defence.

I have also again examined the case of Miner v. Cartledge,. (8 Barbour, 75), so much criticised in all the discussions upon this subject.

It will be perceived from this statement of the cases that judges of eminent qualifications have greatly differed upon this point.  The weight of authority, especially that of the general term in this district, preponderates in favor of the rule which restricts the striking out of an answer on the ground of its falsity, to answers containing new matter.  The court is of opinion that this rule is best supported by the doctrine which prevailed before the Code and by a sound construction of the Code.  The plaintiff has always the power of swearing to his own statements, to put the defendant to an answer under oath,. when he may not be able to meet averments by express denials. If he waive this privilege, he must be treated as waiving the right to have his cause heard upon affidavits.

Motion denied without costs.

---

CURTIS a. LEAVITT.

*Supreme Court, First District ; General Term, December,* 1854.

STAY OF PROCEEDINGS.—TAXATION OF COSTS.—SUITS COMMENCED BEFORE THE CODE.

Taxation of costs and the insertion of their amount in the entry of judgment, are not stayed by an appeal with security.

The old chancery fee bill has not been repealed by the Code.  It is still in force ; but is only applicable to proceedings had prior to July, 1851, in equity suits commenced before the Code.